**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KYRA MOSS,

                           Plaintiff,

            - v -                                          Civ. No. 1:16-CV-839
                                                                  (GTS/DJS)

CATHOLIC CHARITIES, USA; SISTER DONNA MARKHAM,
*OP, PhD, President and C.E.O. of Catholic Charities*,

                           Defendants.


**APPEARANCES:**                              **OF COUNSEL:**

KYRA MOSS
Plaintiff, *Pro Se*
12 Saint Joseph Terrace
Albany, New York 12210

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

            The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Kyra Moss.

Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a Motion to

Proceed *In Forma Pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order, dated

September 13, 2016, this Court granted Plaintiff's Application to Proceed IFP.  Now, in

accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the

Complaint.

            Because the pleading filed by Plaintiff fails to satisfy basic pleading requirements, as

more fully discussed below, this Court recommends dismissal, or, in the alternative, in light

of her *pro se* status, an order be issued directing Plaintiff to file an amended complaint should she wish to avoid dismissal of this action.

## I. DISCUSSION

### A. Rules Governing Pleading Requirements

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).

The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992 (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996) (McAvoy). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in the Complaint

A review of the Complaint reveals that such pleading clearly fails to satisfy the requirements of the above-mentioned Federal Rules. It is entirely unclear who exactly is

being sued in this action and why, as the body of the Complaint is completely devoid of <u>any</u> factual allegation against a specific Defendant by which this Court can assess any wrongdoing. Nor is there a clear request for relief. And the documents attached to the Complaint do little to clarify what relief Plaintiff is seeking and on what basis.[1] After reading Plaintiff's Complaint, the Court is befuddled as to why Plaintiff has sought Court intervention.

Since Plaintiff's Complaint plainly does not comply with the requirements of the above-mentioned pleading rules, and in its current form, the pleading fails to state a cognizable cause of action, I recommend that dismissal is appropriate. However, in light of her *pro se* status, I alternatively recommend that the District Judge provide Plaintiff an opportunity to amend her pleading to cure the deficiencies outlined above, with the warning that failure to submit an amended pleading will result in dismissal of this action.

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that <u>clearly</u> identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended

---

[1] While the body of the Complaint is devoid of any factual allegations, Plaintiff attaches what she purports to be a settlement agreement and lists various violations, including violations of the Civil Rights Act of 1964, welfare fraud, and unspecified violations of the Ten Commandments.

complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Thus, if Plaintiff claims that her civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, she should include a corresponding number of paragraphs in her amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**.  Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into her amended complaint by reference.  **Plaintiff shall state in the single amended complaint all claims that she wishes this Court to consider as a basis for awarding Plaintiff relief herein; her failure to file such a pleading could result in dismissal of this action**.

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff should be afforded an opportunity to amend her Complaint consistent with the instructions above. In any amended complaint that Plaintiff files, she must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper. Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that she has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOUTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Date: September 13, 2016
Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge